# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

      v.                                                                    Case No. 16-20022-03-JAR

DANILLE MORRIS,

      Defendant/Petitioner.

## MEMORANDUM AND ORDER

On July 19, 2018, Petitioner Danille Morris filed a pro se motion under 28 U.S.C. § 2255 setting forth four claims of ineffective assistance of counsel.[1]  Per the Court's order, the government responded to Petitioner's motion on September 14, 2018.[2]  Previously, however, on July 17, 2018, this Court appointed the Federal Public Defender ("FPD") to "represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees with this District."[3]  This matter is now before the Court on the motion of the FPD to amend Petitioner's pro se motion to assert such a claim under that authority (Doc. 144).  The government has not responded to the motion to amend.

Federal Rule of Civil Procedure 15(a) governs requests to amend motions filed under

---

[1] Docs. 137, 138.

[2] Doc. 141.

[3] Standing Order 18-3 (July 17, 2018).

§ 2255 before the district court has entered judgment.[4]  Because the government filed its response before the FPD filed the motion to amend, Petitioner may only amend her § 2255 motion "with the opposing party's written consent or the court's leave."[5]  Leave of court should be "freely give[n]" when "justice so requires."[6]

Motions brought pursuant to § 2255 are subject to a one-year statute of limitations.[7]  In this case, after she pleaded guilty to armed bank robbery and firearms charges, Petitioner's 200-month sentence was affirmed by the Tenth Circuit Court of Appeals on November 9, 2017.[8]  The mandate was issued December 1, 2017; Petitioner did not file a petition for writ of certiorari.  "In the context of the one-year limitations period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."[9]  Because the Supreme Court grants ninety days from the date of entry of the judgment or order sought to be reviewed in which to file a petition for writ of certiorari, Petitioner was required to file her § 2255 motion within one year of her deadline for filing a petition for certiorari, or by March 1, 2019.[10]  Thus, Petitioner's pro se § 2255 motion filed July 19, 2018, is timely.  Because the motion to amend filed September 14, 2018 was also filed within the one-year deadline, no

---

[4]*United States v. Trent*, 884 F.3d 985, 992 (10th Cir. 2018) ("A pre-judgment request to add a claim to a § 2255 motion is not a second or successive motion; it is a motion to amend and should be considered under Federal Rule of Civil Procedure 15.").

[5]Fed. R. Civ. P. 15(a)(2).

[6]*Id.*

[7]28 U.S.C. § 2255(f).

[8]*United States v. Morris*, 713 F. App'x 777 (10th Cir. 2017).

[9]*United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).

[10]*See* Supreme Court Rules 13.1, 13.3.

relation-back analysis is necessary.[11]  The Court finds that Petitioner's motion is justified and thus grants leave to amend to assert an additional Sixth Amendment claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Danille Morris' Motion to Amend Motion Filed Under 28 U.S.C. § 2255 to add an additional Sixth Amendment claim (Doc. 144) is **granted**; Petitioner shall amend her § 2255 motion within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: <u>October 16, 2018</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[11]*See* Fed. R. Civ. P. 15(c)(1)(B) (stating amendment to pleading filed outside the limitations period relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").