IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

DANILLE MORRIS,

      Defendant.

Case No. 16-20022-3

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Danille Morris' Motion for Compassionate Release (Doc. 189) pursuant to 18 U.S.C. § 3582. Although not explicitly stated in her motion, it appears Morris requests modification of her sentence to time served. For the reasons explained below, the Court denies Morris' motion.

### I. Background

On August 8, 2016, Morris pled guilty without a plea agreement to Count 1: Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and Count 2: Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) before this Court.[1] On March 27, 2017, Morris was sentenced to a 200-month term of imprisonment followed by a three-year term of supervised release.[2] Morris is currently incarcerated at FMC Carswell ("FMC") in Fort Worth, Texas. The Bureau of Prisons ("BOP") reports 523 inmates at that facility have tested positive for COVID-19, and 1288 have been

---

[1] Doc. 48.
[2] Doc. 104.

tested. Two tests remain pending. There are currently eight active inmate cases.[3] Morris is 31 years old, and her projected release date from the BOP is May 23, 2030.

On July 28, 2020, Morris filed a motion requesting compassionate release because she argues the living conditions implemented by the prison during the COVID-19 pandemic are "not healthy."[4] Morris also argues her release is warranted because she takes medication for a heart murmur and irregular heartbeat, because she cannot see her cardiologist while in prison with current COVID-19 restrictions, and because she has the support of her family which would provide a stable living situation.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[5] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring her own motion for relief.[6] But a defendant may bring a motion for compassionate release from custody only if she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus:COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed Sept. 2, 2020).

[4] Doc. 189.

[5] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[6] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

whichever is earlier. . . ."[7]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[8]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[9]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[10]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The Sentencing Commission's comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition,

---

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived"); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

3

serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[11]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[12]

### III. Discussion

#### A. Exhaustion

Morris has satisfied the exhaustion requirement described in § 3582(c).  Morris requested compassionate release from the Warden at FMC, and the Warden denied this request on July 12, 2020.[13]  Additionally, the Government has not filed a response to Morris' motion controverting that she has satisfied the exhaustion requirement.  Thus, because more than thirty days have passed since Morris requested compassionate release from the Warden, this Court has jurisdiction to decide his motion.[14]

---

[11]U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[12]*See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[13]Doc. 189-1.

[14]*See United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (holding that if a criminal defendant fails to meet the First Step Act's exhaustion requirement, the Court lacks jurisdiction over the motion).

### B. Extraordinary and Compelling Reasons

Having determined Morris exhausted her administrative remedies, the Court next evaluates whether she demonstrates that extraordinary and compelling reasons exist warranting compassionate release. Morris argues that unsafe conditions at FMC such as the inability to socially distance and lack of access to proper hygiene coupled with her heart problems constitute extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A).

Courts nationwide interpret the "extraordinary and compelling" standard differently. Most agree, however, that in the context of the current global pandemic, an inmate demonstrates extraordinary and compelling circumstances if she has serious underlying health conditions that place her at an increased risk of serious illness or death from COVID-19 while incarcerated.[15] "The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the [Centers for Disease Control and Prevention] ("CDC") should be considered as having an 'extraordinary and compelling reason'" warranting a sentence reduction."[16]

Here, Morris states that she takes medication to treat her "heart murmur & irregular heart beat," that she has received an electrocardiogram ("EKG"), and that she has "no clue when [she] will be able to see the heart doctor to explain [her] concerns."[17] However, Morris' description of symptoms for which she would like to seek medical advice do not rise to the level of a medical condition that places her at increased risk of serious illness or death from COVID-19. And, to

---

[15] *See, e.g.*, *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) (granting compassionate release based in part on COVID-19 where the defendant was at risk due to his age, hypertension, bipolar disorder, and major depressive disorder); *United States v. Delgado*, No. 3:18-cr-17, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts . . . have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases).

[16] *See, e.g., United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020); *see also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I) (U.S. Sentencing Comm'n 2018).

[17] Doc. 189 at 1.

the extent Morris does suffer from a heart murmur or irregular heartbeat, these are not among the conditions that may lead to increased risk of complications from COVID-19 identified by the CDC.[18]

Morris also argues that living conditions are generally unsafe during the COVID-19 pandemic because inmates are unable to adequately social distance and do not have access to proper hygiene.  However, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[19]  Accordingly, because Morris does not make any individualized showing about her vulnerability to contracting COVID-19 and having significant health issues, she has not met her burden to demonstrate extraordinary and compelling circumstances warranting compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Danille Morris' Motion for Compassionate Release (Doc. 189) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 2, 2020

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last updated Aug. 14, 2020).  Instead, the CDC lists heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension as serious heart conditions that increase the risk for severe illness or death from COVID-19.  *Id.*

[19]*United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").