IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DANILLE MORRIS,

    Defendant.

Case No. 16-CR-20022-JAR-03

## MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* Defendant Danille Morris' Motion for Compassionate Release (Doc. 193) under 18 U.S.C. § 3582(c)(1)(A).[1] The government has filed a response brief. Morris did not reply. As explained more fully below, the Court dismisses Morris' motion for failure to exhaust her administrative remedies.

**I.    Background**

Morris was charged in Count 1 of a Superseding Indictment with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and 2, and in Count 2 with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and possessing those firearms in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

On August 8, 2016, Morris pleaded guilty as charged to both counts with no plea agreement.[2] The Court sentenced Morris to 80 months' imprisonment on Count 1 and 120

---

[1] Because Morris appears *pro se*, the Court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as her advocate. *Id.*

[2] Doc. 48.

months' imprisonment on Count 2, to be run consecutively, for a total of 200 months' imprisonment.[3]  The Tenth Circuit affirmed.[4]

Petitioner filed a *pro se* 28 U.S.C. § 2255 motion on July 19, 2018, claiming ineffective assistance of counsel and actual innocence.[5]  Petitioner was granted leave to amend and on October 25, 2018, amended her § 2255 motion, claiming the government intentionally intruded upon her attorney-client communications in violation of the Sixth Amendment.  The Court dismissed in part and denied in part her motion on September 20, 2023.[6]

On May 25, 2023, Morris filed the motion for compassionate release presently before the Court.  She  points to her medical conditions and the need to care for her ill father as grounds for relief.  Morris is 33 years old, and her projected release date is June 19, 2030.

**II.     Legal Standard**

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[7]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

---

[3] Doc. 104.

[4] *United States v. Morris*, 713 F. App'x 777 (10th Cir. 2017).

[5] Doc. 137.

[6] Doc. 206.

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] Pub. L. No. 115-391, 132 Stat. 5194.

Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[10] If the court grants the motion, however, it must address all three steps.[11]

### III. Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[12] But when "properly invoked," mandatory claim-processing rules "must be enforced."[13] Here, the government argues that this Court must dismiss Morris' motion without reaching the merits because she fails to show that she has satisfied the statute's exhaustion requirement. The government represents that the records it has received from the Bureau of Prisons do not contain any request to the Warden for compassionate release. Although Morris states that she requested compassionate release from the Warden on April 1, 2023, the attachment to her motion dated June 7, 2022, appears to be the Warden's response to an administrative remedy regarding a follow-up appointment with a cardiologist, and makes no

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *McGee*, 992 F.3d at 1043 (citation omitted).

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) ("enforc[ing] § 3582(c)(1)(A)'s exhaustion requirement" because the government properly invoked it).

mention of her father's health condition.[14]  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the Court must dismiss Morris' § 3582(c)(1)(A) motion without prejudice to filing a new one if and when she exhausts her administrative remedies.[15]

    **IT IS THEREFORE ORDERED BY THE COURT** that Defendant Danille Morris' Motion for Compassionate Release (Doc. 193) is **dismissed without prejudice to refiling** once she has exhausted her administrative remedies.

    **IT IS SO ORDERED.**

    <u>Dated: October 16, 2023</u>

                                             <u>S/ Julie A. Robinson</u>
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[14] Doc. 193 at 7.

[15] *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (concluding that unexhausted § 3582(c)(1)(A) motions should be dismissed without prejudice); *Purify*, 2021 WL 5758294, at *4 ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice."); *United States v. Verdin-Garcia*, No. 05-20017-JWL, 2023 WL 3019685, at *2 (D. Kan. Apr. 20, 2023) (holding that defendant failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial and thus denying without prejudice to refiling once he had exhausted administrative remedies).