IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DANILLE MORRIS,

    Defendant.

Case No. 16-20022-JAR-3

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Danille Morris' fourth pro se Motion for Compassionate Release (Doc. 251) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion for compassionate release.

**I.    Background**

On August 8, 2016, Defendant pled guilty without a plea agreement to Counts 1 and 2 of the Superseding Indictment, charging her with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d); and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A).[1] On March 27, 2017, the Court sentenced Defendant to a 200-month term of imprisonment followed by a three-year term of supervised release.[2] The Tenth Circuit affirmed Defendant's sentence.[3]

On July 28, 2020, Morris filed her first motion requesting compassionate release based on her prison living conditions during the COVID-19 pandemic, and based on her health

---

[1] Doc. 48.

[2] Doc. 104.

[3] *United States v. Morris*, 713 F. App'x 777 (10th Cir. 2017).

condition—a heart murmur and irregular heartbeat—because she could not see her cardiologist while in prison under those COVID-19 restrictions.[4] The Court denied that motion, finding that her medical condition was not sufficiently serious even when coupled with the COVID-19 pandemic, to constitute an extraordinary and compelling circumstance that warrants compassionate release.[5]

Defendant filed a second motion for compassionate release on May 25, 2023, arguing that she had extraordinary and compelling circumstances: (1) she was receiving inadequate medical care in prison; and (2) she was needed to take care of her ailing father and uncle.[6] The Court dismissed that motion because Defendant failed to exhaust her administrative remedies before filing.[7]

Defendant filed a third motion for compassionate release on September 25, 2024,[8] raising the same grounds she raised in her second motion but providing proof of exhaustion. The Court denied the third motion for compassionate release because Defendant failed to show that her heart murmur substantially diminished her ability to provide self-care or that it required specialized care. Further, Defendant failed to show that there were no other family members who could care for her ailing father and uncle.

On May 22, 2025, the Court granted Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2), reducing her controlling sentence from 200 months to 185 months.[9]

---

[4] Doc. 189.
[5] Doc. 190.
[6] Doc. 193.
[7] Doc. 207.
[8] Doc. 232.
[9] Doc. 241.

Defendant is currently incarcerated at FCI Pekin in Illinois. She is scheduled for release on May 26, 2029.

## II.     Legal Standards

Defendant moves a fourth time for compassionate release, this time on the basis of family circumstances, that she is the only caregiver for her 16-year-old son, who may soon be placed in foster care.[10] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13] If the Court grants the motion, however, it must address all three steps.[14]

---

[10] Doc. 251.

[11] Pub. L. No. 115-391, 132 Stat. 5194.

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[14] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

### A. Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[15] The Government concedes, and the Court is satisfied, that Defendant exhausted her administrative rights to appeal, as indicated by a letter from the Warden denying her request for compassionate release.[16] The Court thus proceeds to the merits.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant" a sentence reduction before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[17] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[18] On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant."[19] The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence."[20]

---

[15] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[16] Doc. 251-3 at 6.

[17] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[18] *Id.* at 832, 836–37.

[19] *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024).

[20] U.S.S.G. § 1B1.13(b).

Construing Defendant's pro se motion liberally, as the Court must,[21] she asserts that family circumstances constitute extraordinary and compelling circumstances that justify compassionate release.

Under U.S.S.G. § 1B.13(b)(3)(A), the Court may find extraordinary and compelling circumstances present because of:

> (A) The death or incapacitation of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical condition.[22]

Defendant urges that her son will go into foster care without her presence as a caregiver, because she "is the only available caregiver for her child . . . who is a high-risk youth, and is currently scheduled to be placed in foster care due to the fact that Defendant, his mother, is incarcerated, and his father has given up all rights to and responsibilities for him."[23] Defendant goes on to state that a Child in Need of Care meeting is scheduled for March 11, 2026, which Defendant plans to attend remotely.

But Defendant fails to show that this is an extraordinary and compelling circumstance. First, her argument is theoretical. Defendant does not show that her son has been placed in foster care or will be placed in foster care. She has only shown that there is a Child in Need of Care meeting in March, apparently prompted by her son "acting out."[24] Furthermore, placement in

---

[21] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

[22] U.S.S.G. § 1B.13(b)(3)(A).

[23] Doc. 251-3 at 3.

[24] *Id.*

foster care alone is not necessarily an extraordinary and compelling circumstance, absent a showing that placement in foster care would result in some deficiency in or risk to his care.[25]

Defendant does not state in whose custody her son has been during her almost ten years of incarceration. Nor has Defendant shown that the court would place her son with her, rather than in foster care or with other family members. Defendant assumes as much, arguing that her son "needs his mother, he needs family, and his recent 'acting out' can be fully attributable to not having one of his biological parents around to guide or love him."[26] But Defendant has not shown that the court would place her son with her immediately upon release from custody. In other words, Defendant has not shown that the court would deem her a suitable caretaker and that she would in fact be given custody of her child.

Moreover, Defendant has not shown that she is the only viable caregiver outside of foster care. In fact, Defendant's release plan[27] attached to her compassionate release motion, states that if released, she would reside with her 16-year-old son, who lives with her 56-year-old mother, as well as with her 38-year-old brother and 28-year-old sister in law. Defendant does not offer how she is the only available caregiver for her son, given that he lives with three adult family members who are his grandmother, uncle and aunt.

C. Section 3553(a) Factors

Assuming, arguendo, that Defendant could demonstrate extraordinary and compelling circumstances for compassionate release, the Court next considers the factors set forth in

---

[25] *See United States v. Willis*, No. 22-153, 2024 WL 4452134, at *2 (D. Minn., Oct. 9, 2024) (collecting cases where courts have found that placement of a child in foster care is not an extraordinary and compelling circumstance); *United States v. Watson*, No. 18-cr-40018, 2025 WL 2222987, at *3 (D.S.D. Aug. 5, 2025) (holding that defendant must show some deficiency in the child's foster care placement).

[26] Doc. 251-3 at 3.

[27] Doc. 251-1 at 2.

§ 3553(a) in light of post-sentencing developments.[28] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[29] "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[30]

The Court has considered these factors before in denying Defendant's earlier motion for compassionate release and again finds that they weigh against compassionate release, even if Defendant was able to show extraordinary and compelling circumstances. This was a serious, dangerous, and violent offense. Highly summarized, on March 9, 2016, co-defendant Gary Jordan asked Defendant to be his getaway driver for a bank robbery. Defendant drove her 2003 Chevy Tahoe to pick up Jordan and co-defendant Jacob Smith, *bringing along her 19-month-old daughter*. Defendant drove while Jordan and Smith looked for a target, and ended up at the bank in Stillwell, Kansas. Defendant "cased" the bank by going inside and pretending to be interested in a job. She then left the bank and relayed how many employees were working inside the bank

---

[28] *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion."); *Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)).

[29] 18 U.S.C. § 3553(a).

[30] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

to Jordan and Smith. Jordan and Smith entered the bank and confronted two tellers with handguns and took approximately $15,440 in cash from the tellers while Defendant waited with the Tahoe running. After the robbery, Jordan drove the Tahoe while Defendant and Smith began putting the money into a backpack. Law enforcement officers located the Tahoe a short time after the bank robbery and initiated a high-speed vehicle pursuit for approximately 21 miles, during which Smith fired numerous shots at law enforcement from the rear seat, striking a patrol car near the driver's door. Believing that law enforcement could not cross state lines, Defendant told Jordan to head for Missouri. The three were apprehended after Jordan lost control and wrecked the Tahoe attempting to avoid officers in Kansas City, Missouri. Defendant was located in the front passenger seat, and *her child was in a car seat in the back seat.* Jordan ran from the Tahoe and tried to carjack another vehicle before being apprehended.

Defendant's sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of Defendant. Thus, the Court would not find that the § 3553(a) factors support compassionate release, even if extraordinary and compelling circumstances were present.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Danille Morris' Fourth Motion for Compassionate Release (Doc. 251) is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>February 23, 2026</u>

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE